that, on one occasion when petitioner's premises had been rented to a social club to hold a dance, petitioner had "permitted the licensed premises to become disorderly * * * in that there was trafficking and using of narcotic drugs on the licensed premises." The Authority's hearing officer sustained the charge, finding that "selling of marijuana and heroin and the smoking of marijuana * * * were of such nature and duration that the licensee * * * knew or should have known of these activities." Respondent, one member dissenting and voting for dismissal, imposed the penalty of cancellation. The record discloses that the licensee did not run the function for which the premises had been leased nor play any part therein except to furnish catering services unconnected with the offenses charged, that it did not supervise the function, and that it took reasonable precautions by advising the police in advance that it would take place, and by hiring its own guards to maintain order. Further, there was no proof that respondent had any intimation in advance that the unlawful activities complained of might take place, nor any knowledge that, during the function, they actually did occur. In the circumstances, and considering, additionally, the dissent by one Authority member, we conclude the penalty of cancellation to have been so disproportionate to petitioner's offense, actually a slight uneducated lapse of supervision, as to constitute abuse of discretion, and we direct its limitation as indicated. Concur — Eager, J. P., Capozzoli, McGivern, Markewich and Nunez, JJ.

■ REBECCA KRITZ, Respondent, v. MANUFACTURERS HANOVER TRUST COMPANY, Appellant, and HANDI-MAN CO., INC., Respondent, et al., Defendants. — Amended judgment, dated June 11, 1968, unanimously reversed on the law, with $50 costs and disbursements to appellant, and the complaint dismissed, on the ground there was no actionable negligence proven. The presence of a 1½ to 2 inch piece of paper, similar to a candy wrapper, on the bank's doorstep is not of such a character as to impose liability on the defendant or of such a nature that the probability of injury could have been foreseen in the exercise of care and prudence. (Clemmons v. Cominskey, 1 A D 2d 933, affd. 2 N Y 2d 958.) If we did not dismiss the complaint, we would set aside the verdict on the ground that it is against the weight of the eivdence, and on the further ground that it was error to permit plaintiff's doctor to testify, over objection, in contravention of rule 11 of the Rules of the Supreme Court, New York and Bronx Counties (22 NYCRR 660.11), his report not having previously been served on appellant. It was further error to permit plaintiff's counsel to argue to the jury that he took the case only because he believed plaintiff was an honest woman. Concur — Eager, J. P., Capozzoli, McGivern, Nunez and McNally, JJ.

■

## (December 9, 1969)

■ In the Matter of ARTHUR KATZ et al., Respondents, v. SOLOMON HOBERMAN, as Personnel Director of the Department of Personnel of the City of New York and as Chairman of the Civil Service Commission of the City of New York, et al., Appellants.— Judgment unanimously affirmed, on the opinion at Special Term [61 Misc 2d 411], without costs and without disbursements. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.

■ In the Matter of JOHN J ELLIOTT et al., Respondents, v. SOLOMON HOBERMAN et al., Constituting the Department of Personnel of the City of New York, et al., Appellants.— Judgment unanimously affirmed on the opinion at Special Term [61 Misc 2d 411], without costs and without disbursements.