a negligence action to recover damages for personal injuries suffered by decedent, plaintiff appeals from (1) a judgment of the Supreme Court, Queens County, entered July 13, 1978, upon a jury verdict in favor of defendant, and from an earlier order of the same court, dated July 11, 1978 which denied a motion to set aside the verdict. Appeal from the order dismissed (see Matter of Aho, 39 NY2d 241, 248). Judgment reversed, on the law, and new trial granted with costs to abide the event. The reports of the postaccident brake tests in defendant’s "barn” were of crucial importance because (1) the motorman’s pretrial deposition testimony (although different from what he testified at trial) was that he applied the emergency brake when he was only one car distance (60 feet) into the station, and (2) the defendant’s charts showed, and defendant’s counsel admitted in his summation, that in such case, if the brake was working properly, the train should have stopped long before it reached the decedent, who was lying immobile on the tracks near the front of the long station.* Plaintiffs counsel had subpoenaed these reports and unsuccessfully asked for their production on five occasions during the trial. Defendant’s counsel assured the court that defendant’s personnel was making an intensive search for them, but never produced anyone who directly testified that despite a complete search the reports could not be found. At one point the court stated that if the reports were not produced "of course the Court will make the proper reference to the failure of their being produced in the course of its charge”. Nevertheless, the charge did not refer to such nonproduction despite the fact that plaintiffs counsel’s written requests to charge included "[Instruction] 6-PJI [Pattern Jury Instruction] 1:77 Failure to Produce Documents”. Under these circumstances the failure of the court to charge as to defendant’s failure to produce the reports was serious prejudicial error (see 21 NY Jur, Evidence, § 124) requiring reversal and a new trial. An independent basis for reversal was the egregiously prejudicial behavior of defendant’s counsel in his conduct on cross-examination and summation. The reading of the trial transcript has been a most painful experience. It demonstrates that counsel sought to divert the jury from the real issues by tactics most foul. Among the least of these were his statements in summation that "believe me there’s plenty more that’s not in this case that I can’t say”, and his *802 vouching for the motorman’s trial testimony (which was a "recantation” of the motorman’s pretrial deposition as to the location of the train when he applied the brakes), as follows: "I would swear on my God-damn life in this case as to what happened and whether or not the motorman is at fault or the Transit Authority is at fault”. (See People v Carborano, 301 NY 39; Taormina v Goodman, 63 AD2d 1018; George v Owners Trucking Corp., 264 App Div 831, app dsmd 290 NY 669; Kritz v Manufacturers Hanover Trust Co., 33 AD2d 753.) Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

 Plaintiff contended that the decedent was unconscious as a result of being thrown on the tracks by two muggers after being robbed and that this is supported by the fact that his wallet was found at the scene empty of cash. Defendant argued that his history of drug addiction indicated that he had voluntarily descended and lay down on the tracks while in a narcotic-induced stupor.