■ EILEEN GRECO et al., Appellants, v. ACME SUPER MARKETS, INC., Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: Plaintiff wife, a customer in defendant's retail grocery store, was injured when she slipped and fell as the result of stepping in melted ice cream on the floor near the checkout counters. There was no proof of direct notice to defendant of the existing condition but one of plaintiffs' witnesses testified that she was nearby, heard a noise and saw Mrs. Greco on the floor. She said that the latter had fallen in a "white mess" that she had observed 30 to 45 minutes earlier when she entered the store. The trial court dismissed the complaint at the end of plaintiffs' case upon the ground that "The extent and character of

the proof relating to notice * * * is insufficient to clearly raise a proper question of fact that the defendant permitted this situation to exist." In our opinion plaintiffs made out a prima facie case that Mrs. Greco was on defendant's premises as a business invitee and a jury question was presented as to whether or not defendant had constructive knowledge of the alleged dangerous condition (*Rivera* v. *Public Nat. Bank & Trust Co.*, 9 A D 2d 872, affd. 8 N Y 2d 882; *Finck* v. *Bohack Co.*, 11 A D 2d 1064, affd. 9 N Y 2d 952; *Wheeler* v. *Deutch*, 242 App. Div. 641). The fact that this key witness was acquainted with Mrs. Greco was a circumstance to be evaluated by the jury in considering all of the evidence. It was error for the trial court to pass upon this issue as a matter of law. (Appeal from judgment of Onondaga Trial Term dismissing the complaint on the merits at the close of the plaintiff's case.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.