■ Joseph Grier et al., Appellants, v R. H. Macy & Co., Inc., Respondent and Third-Party Plaintiff-Respondent. La Shellda Maintenance Corp., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County (William J. Davis, J.), entered July 5, 1990, which granted the motion by defendant and third-party plaintiff to dismiss the complaint at the close of plaintiffs' evidence, unanimously affirmed, without costs.

Constructive notice requires a showing of a hazardous condition that was not only visible and apparent before the accident, but also in existence a sufficient length of time to allow the defendant to observe and remove it. Plaintiffs' failure to meet that test creates the possibility that the condition may have emanated only moments before the accident, through no fault or with no knowledge of the defendant, any other conclusion being pure speculation *(Gordon v American Museum of Natural History,* 67 NY2d 836; *Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835; *cf., Negri v Stop & Shop,* 65 NY2d 625).

When defendant's salesman rushed to aid the prostrate injured party and noticed the slippery substance on the floor under him, he excitedly blurted out that "it must be from the cleaning". The Trial Judge sustained the objection to this statement as hearsay. Even if this statement should have been admissible as a spontaneous utterance, its exclusion was harmless error in light of the other evidence in the case that virtually precluded the possibility that a cleaning substance spread by defendant or its agent (third-party defendant) might have remained on the floor for four and a half to six hours in a wet condition without being noticed *(see, Hansell v Galvani,*

286 App Div 1019, *lv denied* 309 NY 1035). Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.