■ DEANNA SHILDKROUT, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Cohen, J.), dated November 16, 1988, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $488,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff, an employee of the defendant Board of Education of the City of New York, was injured when she slipped on spilled coffee in the hallway outside of her office. She alleged that the defendant was negligent in failing to discover and clean up the spill before she fell. In order to establish a prima facie case of negligence, the plaintiff was required to show that the defendant had actual or constructive notice of this condition *(see, Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, *affg* 99 AD2d 246). Viewing the evidence in the light most favorable to the plaintiff and giving her the benefit of all reasonable inferences that might be drawn therefrom *(see, Brocalello v 540 Madison Ave. Assocs.,* 147 AD2d 519; *O'Neil v Port Auth.,* 111 AD2d 375), we are satisfied that no rational trier of fact could have found in her favor. The court therefore erred in denying the defendant's motion pursuant to CPLR 4401, made after the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint for failure to make out a prima facie case of negligence.

The plaintiff failed to present evidence of actual knowledge of the coffee spill on the part of any of the defendant's employees until after the accident had occurred. In order to prove constructive notice, the plaintiff was required to present evidence that the condition was apparent and that it existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (see, *Gordon v American Museum of Natural History*, 67 NY2d 836, 837). No evidence was offered that anyone observed the coffee being spilled (cf., *Huth v Allied Maintenance Corp.*, 143 AD2d 634). In an attempt to establish the length of time that the coffee spill was on the floor prior to her accident, the plaintiff testified that the spill had "little dried areas", and presented testimony from a chemist who conducted experiments with spilled coffee. The chemist testified that he created coffee spills of the same size as that observed by the plaintiff when she fell, using different types of coffee and the type of floor tiles used in the defendant's building. He then observed the time it took for the spills to partially dry. The chemist admitted, however, that the temperature and humidity of the room would affect the test results, and he was not given this data to replicate the conditions that existed in the hallway at the time of the accident. We find that the plaintiff's evidence was too speculative to sustain her burden of proof with respect to constructive notice.

In view of our determination, we need not reach the defendant's contention that the verdict on damages was excessive. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.