■ IRIS H. BENWARE, Respondent, v BIG V SUPERMARKETS, INC., Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Conway, J.), entered January 24, 1991 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries sustained when she fell in defendant's retail grocery store. Defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

We reverse. Defendant supported its motion with an affidavit of its store manager stating that he was present in the store at the time of the accident and that he inspected the area where plaintiff fell and found no liquid, debris or other

foreign matter on the floor. Furthermore, the manager stated that he had not, at any time prior to the accident, been told by any customer, employee or other person of any such substance on the floor in the area where plaintiff fell. Defendant also submitted the transcript of plaintiff's deposition, wherein she described the circumstances surrounding her fall. It was plaintiff's testimony that she saw nothing in the aisle prior to her fall but that afterwards she saw a 3 or 4-inch patch of an unknown liquid on the floor, right next to the shelves. She also stated that she saw "smears" over a one-foot area, "like dirt had been disturbed", which led her to believe that someone had wiped up some of the liquid. Plaintiff candidly acknowledged that she had no idea how the liquid got on the floor or how long it had been there at the time of her fall.

In cases involving a slip and fall as the result of a slippery or foreign substance on the floor of a supermarket, a plaintiff must establish either actual or constructive notice of the condition which caused the fall (see, Torri v Big V, 147 AD2d 743, 744; Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 249, affd on opn below 64 NY2d 670). Plaintiff's contention that the existence of a "smear" adjacent to the foreign substance evidences an employee's effort to clean up the spill, and thus actual knowledge of its existence, is sheer speculation and of no probative value (see, Anderson v Klein's Foods, 139 AD2d 904, 905, affd on mem below 73 NY2d 835). Moreover, it is fundamental that "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see, Lewis v Metropolitan Transp. Auth., supra). As noted, plaintiff testified that she did not see the substance prior to her fall, and no evidence was offered as to how the spill occurred or how long it had existed prior to the accident (see, Paciocco v Montgomery Ward, 163 AD2d 655, 656, lv denied 77 NY2d 808; Torri v Big V, supra, at 744-745; Lewis v Metropolitan Transp. Auth., supra, at 251). Further, the fact that certain of defendant's employees were stationed near the site of the accident does not suffice to establish constructive notice (see, Torri v Big V, supra, at 744-745). Finally, in the absence of a showing that any additional evidence would assist in raising a factual issue, we reject the contention that plaintiff should be permitted further discovery (see, Lowrey v Cumberland Farms, 162 AD2d 777, 778-779).

Casey, J. P., Weiss, Levine and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.