■ LAURICE RABAT, Appellant, v GNAC CORP., Also Known as GOLDEN NUGGETT HOTEL & CASINO, Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about February 4, 1991, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she sustained personal injuries when she slipped and fell on a clear liquid substance on the floor of a restroom in defendant's casino. Her pleadings claim actual notice of the condition by reason of the presence of defendant's employees on the premises prior to the accident, and constructive notice of the condition by reason of its duration. After plaintiff filed a note of issue and a statement of readiness representing that all pretrial proceedings had been completed, defendant moved for summary judgment, relying on the pleadings and deposition testimony given by plaintiff and a security officer employed by defendant on the date of the accident and arguing that there was no proof tending to show that defendant had actual or constructive notice of the condition. The motion was granted.

It is well settled that proof of notice, either actual or constructive, is essential to recovery by a plaintiff who has fallen as a result of a foreign substance on the floor of a commercial establishment. The plaintiff must present evidence tending to show either that the defendant knew of the dangerous condition and did not remedy it, or that the condition had existed for a sufficient length of time that, in the exercise of reasonable care, the defendant should have corrected it or

warned of its existence *(Gordon v American Museum of Natural History,* 67 NY2d 836; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670).

Viewing the evidence in the light most favorable to plaintiff, the party opposing the motion for summary judgment, we find that she has failed to raise a triable issue of fact to support the essential element of actual or constructive notice, there being no evidence that the condition was created by defendant or had existed for a period of time sufficient to afford defendant, in the exercise of reasonable care, an opportunity to discover and correct it *(see, Huth v Allied Maintenance Corp.,* 143 AD2d 634). Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.