Marcella **HAMMOND–WARNER**, Plaintiff,

v.

**UNITED STATES of America and Alan D. Cardinale, Defendants.**

**No. CV 91–1699.**

United States District Court, E.D. New York.

Aug. 20, 1992.

---

Hayt, Hayt & Landau by Christopher J. Longman, Great Neck, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Warren Ausubel, Asst. U.S. Atty., Brooklyn, N.Y., for defendant U.S.

James A. Schondebare, Southold, N.Y., for defendant Cardinale.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Marcella Hammond–Warner, plaintiff in the above-referenced action, alleges that she sustained injuries after slipping and falling on a slushy substance on the sidewalk immediately in front of the main entrance to the United States Post Office located in the Jamesport Shopping Center, Route 25, Jamesport, New York. Plaintiff has brought suit against defendants Alan A. Cardinale ("Cardinale"), the owner of the shopping center, and the United States as lessee of the post office. In addition, Cardinale has brought a cross-claim against the United States, alleging that under the terms of the lease between him and the United States Postal Service (the "lease"), the Postal Service is responsible for the maintenance of the sidewalk and therefore is responsible for any injury that plaintiff may have suffered in this case. Now before the Court is the United States' motion for summary judgment against plaintiff and Cardinale, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is granted.

## I. BACKGROUND

Plaintiff alleges that on October 20, 1988, she slipped and fell on the sidewalk immediately outside the main entrance of the Jamesport Post Office on a tan-colored slushy liquid approximately twelve inches in diameter. The United States contends that it cannot be held liable for this alleged accident because: (1) by the terms of its lease, the Postal Service did not have possession and control of the sidewalk outside the post office; and (2) the Postal Service had neither actual nor constructive notice of the slushy substance that allegedly caused plaintiff's fall.

The lease between Cardinale and the Postal Service identifies the demised premises as:

> a one story masonry building and which property contains or will contain areas and spaces, improvements and appurtenances as follows: Demised premises are described ... in attached floor plan.

The above-mentioned floor plan contains a sketch of only the post office building. It does not include sidewalks, parking areas, or any other area.

The Maintenance Rider to the lease includes the following terms:

> (a) The term "demised premises" as used in this section includes the premises themselves, the improvements and appurtenances to such premises, all equipment and fixtures furnished or to be furnished by the lessor under this lease, and all common or joint use areas that are part of this lease.
>
> (b) The Postal Service shall be responsible for ordinary repairs to and maintenance of the demised premises except for those repairs that are specifically made the responsibility of the lessor in this lease....
>
> (c) The lessor shall be responsible for:
>
> (1) repairs to all common or joint use areas that may be included as part of this lease agreement....

At her deposition, plaintiff testified that she cannot identify the slushy substance on which she allegedly slipped, nor does she know how it got on the sidewalk, or how long it was there prior to her fall. More-over, there were no witnesses to the alleged accident, and plaintiff has failed to produce any evidence regarding these matters.

## II. DISCUSSION

### A. *Possession and Control of the Appurtenant Sidewalk*

The lease for the post office was executed in New York and is therefore interpreted pursuant to New York law. *In re Shangri–La Nursing Center, Inc.*, 31 B.R. 367, 370 (Bankr.E.D.N.Y.1983). Under New York law, contracts are interpreted so as to give effect to the intent of the parties as expressed in the entire contract, and such interpretation is made by the court as a matter of law when the contract language is unambiguous. *Cruden v. Bank of New York*, 957 F.2d 961, 976 (2d Cir.1992); *Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir.1990). Moreover, courts must examine only the contract itself to determine if it is unambiguous, *American Home Prods. Corp. v. Liberty Mutual Ins. Co.*, 748 F.2d 760, 765 (2d Cir.1984); *Chimart Assoc. v. Paul*, 66 N.Y.2d 570, 498 N.Y.S.2d 344, 346, 489 N.E.2d 231, 233 (Ct.App.1986), and if it is unambiguous, extrinsic evidence regarding the intent of the parties is not admissible. *Metropolitan Life Ins. Co.*, 906 F.2d at 889. Where, however, the court determines that the contract language is ambiguous, interpretation of that language becomes a question for the jury. *Werbungs Und Commerz Union Austalt v. Collectors' Guild Ltd.*, 930 F.2d 1021, 1025–26 (2d Cir.1991).

The United States first notes that under the common law, landlords have the duty to inspect and repair common use areas, such as the sidewalk outside the post office. *See Loeser v. Nathan Hale Gardens, Inc.*, 73 A.D.2d 187, 425 N.Y.S.2d 104, 107 (1st Dep't 1980). Moreover, in order to hold a tenant liable in a case such as this, New York courts have consistently required a plaintiff to show that the tenant either created the hazard that caused the accident or had "possession or control" of the prop-

erty where the alleged accident took place. *See McGill v. Caldors, Inc.,* 135 A.D.2d 1041, 522 N.Y.S.2d 976, 977–78 (3d Dep't 1987) (affirming dismissal of the complaint against the tenant-store because the plaintiff failed to prove that the tenant had possession or control of the parking lot where the plaintiff fell). Therefore, the United States argues, because the lease, in conjunction with the attached floor plan, does not state that the Postal Service was granted possession or control of the sidewalk adjoining the post office, summary judgment should be awarded in its favor.

In response, plaintiff and Cardinale note that both the lease and the Maintenance Rider define the demised premises as including "appurtenances to such premises." Moreover, the definition of "demised property" in the Maintenance Rider makes no reference to the floor plan. Subsection (b) of the Maintenance Rider states that "[t]he Postal Service shall be responsible for ordinary repairs to and maintenance of the demised premises except for those repairs that are specifically made the responsibility of the lessor...." Subsection (c)(1) states that "the lessor shall be responsible for *repairs* to all common or joint use areas that may be included as part of this lease agreement...." (emphasis added). Therefore, plaintiff and Cardinale contend that the Postal Service is responsible for the maintenance of the demised premises, including the "appurtenant" sidewalk. *See Dopico–Fernandez v. Grand Union Supermarket,* 841 F.2d 11, 14 (1st Cir.) ("[u]se of a contiguous sidewalk can generally be described as incident to the full use and enjoyment of, or appurtenant to, the use of the store front"), *cert. denied,* 488 U.S. 864, 109 S.Ct. 164, 102 L.Ed.2d 135 (1988); *Ruggiero v. Long Island Railroad,* 161 A.D.2d 622, 555 N.Y.S.2d 401, 402 (2d Dep't 1990) ("[t]he term 'appurtenant' in a lease is defined to included 'everything which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted'" (citations omitted)); 74 N.Y.Jur.2d Landlord and Tenant § 162 ("the tenant's right to use the apparent,

usual and proper means of access to the demised premises is one of the appurtenances included in the demise as a matter of right").

■ If the lease provides for the Postal Service to maintain the appurtenant sidewalk, then it had sufficient "control and possession" of that area to be held liable to a third-party who is injured due to any breach of that duty. *See Bennett v. McGoldrick–Sanderson Co.,* 15 Wash.2d 130, 129 P.2d 795 (1942) ("[t]he rule which holds the owner of a building liable for such conditions will also hold the tenant ... who has covenanted with his landlord to keep the sidewalks free of snow and ice"). Accordingly, the United States' motion for summary judgment on the ground that the Postal Service never assumed possession and control of the appurtenant sidewalk is denied; examining only the four corners of the lease agreement, this Court finds that, at a minimum, plaintiff and Cardinale have shown that the lease is ambiguous as to whether the Postal Service accepted responsibility for maintenance to the sidewalk. Therefore that issue must be resolved by the jury.[1]

B. *Notice of the Condition that Caused the Alleged Fall*

■ In order to impose liability on a defendant for a slip and fall accident, the plaintiff must establish, as part of her *prima facie* case, that the defendant had actual or constructive notice of the alleged condition that caused the fall. *Benware v. Big V Supermarkets, Inc.,* 177 A.D.2d 846, 576 N.Y.S.2d 461, 462–63 (3d Dep't 1991); *Shildkrout v. Board of Educ.,* 173 A.D.2d 603, 570 N.Y.S.2d 183, 183 (2d Dep't 1991), *leave to appeal den.,* 78 N.Y.2d 858, 575 N.Y.S.2d 454, 580 N.E.2d 1057 (1991); *Lewis v. Metropolitan Transp. Auth.,* 99 A.D.2d 246, 472 N.Y.S.2d 368, 371 (1st Dep't), *aff'd,* 64 N.Y.2d 670, 485 N.Y.S.2d 252, 474 N.E.2d 612 (Ct.App.1984). A defendant can only be held liable if it failed to show reasonable care to remedy a danger-

---

**1.** The deposition evidence presented by the parties as to the actual use and maintenance of the sidewalk by Cardinale and the Postal Service is similarly non-conclusive.

ous or defective condition after it obtained such notice. *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646, 647, 492 N.E.2d 774, 775 (Ct.App.1986); *Rabat v. GNAC Corp.*, 180 A.D.2d 540, 579 N.Y.S.2d 407, 408 (1st Dep't 1992).

Plaintiff does not claim that the Postal Service had actual notice of the alleged slushy condition. Thus, she must establish that the Postal Service should be charged with constructive notice.

██ "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon*, 501 N.Y.S.2d at 647, 492 N.E.2d at 775; *accord Benware*, 576 N.Y.S.2d at 462; *Shildkrout*, 570 N.Y.S.2d at 183. The mere existence of a liquid substance on the sidewalk where the accident allegedly took place does not establish constructive notice. *See Pirillo v. Longwood Assoc., Inc.*, 179 A.D.2d 744, 579 N.Y.S.2d 120, 121 (2d Dep't 1992); *Lewis*, 472 N.Y.S.2d at 372.

Thus, in order to show constructive notice, plaintiff must present evidence of the length of time the condition existed prior to the alleged fall. In the absence of such evidence, the complaint must be dismissed. *Gordon*, 501 N.Y.S.2d at 647, 492 N.E.2d at 775; *Rabat*, 579 N.Y.S.2d at 408; *Scirica v. Ariola Pastry Shop*, 171 A.D.2d 859, 567 N.Y.S.2d 537, 538 (2d Dep't 1991); *cf. Self v. Wal–Mart Stores, Inc.*, 885 F.2d 336, 337 (6th Cir.1989) (Tennessee law).

██ As stated above, there are no witnesses to the alleged accident and plaintiff does not know how long the substance on which she allegedly slipped had been on the sidewalk prior to her fall. Her failure to offer evidence as to the length of time the substance was on the sidewalk requires the dismissal of her claim. *Gordon*, 501 N.Y.S.2d at 647, 492 N.E.2d at 775 ("the piece of paper that caused plaintiff's fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation"); *Melton v. Sears, Roebuck and Co.*, 157 A.D.2d 964, 550 N.Y.S.2d 222, 223 (3d

Dep't) ("[t]o conclude from the evidence that the wet condition of the floor was allowed to exist for any appreciable time is mere speculation"), *appeal den.*, 76 N.Y.2d 703, 559 N.Y.S.2d 982, 559 N.E.2d 676 (Ct. App.1990); *see also Shildkrout*, 570 N.Y.S.2d at 184 (expert testimony regarding the time coffee spill had been on the floor was too speculative); *Grier v. R.H. Macy & Co., Inc.*, 173 A.D.2d 238, 569 N.Y.S.2d 447, 448 (1st Dep't); *Anderson v. Klein's Foods, Inc.*, 139 A.D.2d 904, 527 N.Y.S.2d 897, 898 (4th Dep't 1988) ("[f]rom this evidence, any finding that the grapes had been on the floor for any appreciable period of time would be mere speculation").

██ Plaintiff responds by stating that the Postal Service had a "greater duty to inspect and remedy the condition" because the alleged fall took place in a high-traffic area adjacent to a delicatessen where items are likely to be dropped. She relies on two cases: *Cagnetto v. Supermarkets General Corp.*, No. 86–CV–0972, 1988 WL 71919 (E.D.N.Y. June 22, 1988) and *Negri v. Stop and Shop, Inc.*, 65 N.Y.2d 625, 491 N.Y.S.2d 151, 152, 480 N.E.2d 740, 741 (Ct.App.1985).

*Negri* is clearly inapposite. In that case, a plaintiff alleged that she fell on broken jars of babyfood on a supermarket floor. A witness in the immediate vicinity of the accident testified that he/she did not hear any jars break within fifteen to twenty minutes of the accident. The Court of Appeals found this testimony relevant to the issue of constructive notice and remanded the case for further proceedings. In the instant case, however, there is no evidence regarding the length of time that the alleged slushy liquid was on the ground.

In *Cagnetto*, the plaintiff slipped and fell on a broken egg located on a supermarket floor between the cash register and the entrance to several aisles. No evidence was presented regarding the length of time that the egg was on the floor prior to the accident. Under these facts, the court apparently held that the mere presence of employees in the store near the site of the

accident created a triable question for the jury regarding constructive notice.

Noting that the accident in *Cagnetto* occurred inside the store while the alleged accident in the instant case occurred outside the post office, the United States argues both that *Cagnetto* is distinguishable from this case, and that it was wrongly decided.

In *Cagnetto*, the plaintiff contended that the defendant was under a "heightened duty" to inspect for and remedy any spills in the area where the accident took place because, through its design of the store, it created a high-traffic area in which there was an increased likelihood of a spill. In the instant case, plaintiff similarly argues that the Postal Service is under a "heightened duty" to inspect and remedy any spills on the sidewalk outside the post office because that sidewalk is also a high-traffic area and is subject to spills from items sold in the adjacent delicatessan.

No such "heightened duty" exists. *See Bogart v. F.W. Woolworth Co.*, 24 N.Y.2d 936, 301 N.Y.S.2d 995, 249 N.E.2d 771 (Ct. App.1969) (plant store could not be charged with constructive notice regarding candy on the sidewalk); *Gordon*, 501 N.Y.S.2d at 647, 492 N.E.2d at 775 ("general awareness that litter [possibly originating from a concession stand] or some dangerous condition may be present ... [on the steps leading to the entrance of the American Museum of Natural History] is [not] legally sufficient to charge defendant with constructive notice of the paper he fell on") (citations omitted).

As in *Cagnetto*, plaintiff in the instant case contends that defendant's employees should have been aware of the dangerous condition because they were stationed near the site.[2] Under the facts of this case, however, the Court finds that the mere proximity of employees is insufficient grounds on which to establish constructive notice. *See Benware*, 576 N.Y.S.2d at 463 ("the fact that certain of defendant's employees were stationed near the site of the

accident does not suffice to establish constructive notice").

Finally, the Court notes that *Cagnetto* relies on three cases in support of its holding denying the defendant's motion for summary judgment on the basis of the plaintiff's failure to present evidence as to the time the dangerous condition existed prior to the accident: *Negri, Greco v. Acme Super Markets*, 17 A.D.2d 899, 233 N.Y.S.2d 406 (4th Dep't 1962), and *Wheeler v. Deutch*, 242 A.D. 641, 272 N.Y.S. 161 (2d Dep't 1934). In all three cases, however, evidence was presented regarding the amount of time that the allegedly dangerous condition existed prior to the respective accidents. *Negri*, 491 N.Y.S.2d at 152, 480 N.E.2d at 741 (broken jars of baby food on the floor for fifteen to twenty minutes); *Greco*, 233 N.Y.S.2d at 407 (melted icecream on the floor for thirty minutes); *Wheeler*, 272 N.Y.S. at 162 (beans on the floor for fifteen minutes).

Accordingly, this Court will adhere to the well-established rule that a plaintiff cannot establish constructive notice in the absence of evidence regarding the length of time the dangerous condition existed prior to the accident.

### III. CONCLUSION

Accordingly, for the above-mentioned reasons, the United States' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted.

SO ORDERED.

---

**2.** Plaintiff contends that postal employees were stationed behind the glass entrance door and therefore should have seen slushy liquid.