■ RHODA DEBLINGER et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. [610 NYS2d 790] — Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 12, 1993, which granted defendants' motions for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for additional disclosure, unanimously affirmed, without costs.

Plaintiff adduces no evidentiary proof that any of the defendants caused a dangerous condition, that defendants otherwise had actual notice of a dangerous condition, that a dangerous condition existed long enough for defendants to have constructive notice, or even that a dangerous condition existed at all.

Indeed, plaintiff herself testified that she did not slip or slide or see any substance before or after her fall. Accordingly, summary judgment dismissing the complaint was properly granted *(see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835; *Grier v Macy & Co.,* 173 AD2d 238). "The mere happening of the accident does not establish liability on the part of the defendant[s]" *(Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 251, *affd* 64 NY2d 670). The statement of one of the defendant's employees to plaintiff that four other people had fallen there that day is inadmissible hearsay because it was not within the scope of the employee's authority to make *(Loschiavo v Port Auth.,* 86 AD2d 624, *affd* 58 NY2d 1040), and was thus insufficient to raise an issue of fact concerning notice *(Zuckerman v City of New York,* 49 NY2d 557, 560). Nor was it an abuse of discretion for the IAS Court to deny plaintiffs leave to take such employee's deposition where prior to defendants' motions, plaintiffs filed a note of issue and certificate of readiness certifying to the completion of all pretrial proceedings. Concur—Carro, J. P., Kupferman, Asch, Nardelli and Williams, JJ.