■ PRISCILLA COLT, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as FOOD EMPORIUM, Appellant. [618 NYS2d 721] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about April 18, 1994, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

·Plaintiff slipped and fell as she walked up the produce aisle of defendant's supermarket. In her complaint, she alleges, in part, that her injuries were the result of defendant's negligence in permitting debris to accumulate in the fruit and vegetable aisle despite having actual or constructive notice of the unsafe condition. Plaintiff subsequently testified at her deposition that, on the day of the accident, the floor "looked like it always does"; that is, "gritty" and dirty and that there is generally "some kind of produce on the floor, you know, pulled carrot tops, whatever. I don't know what they do there. It's at the dumbwaiter that this happened, in that area." According to plaintiff, she slipped on some vegetable debris of some sort. A non-party witness submitted an affidavit in which she stated that she was present at the Food Emporium when she saw plaintiff slip on some snow pea pods that were on the floor and fall in the produce aisle. Finally, the witness maintained that, as a frequent shopper at the market, she was aware that the floors are not clean and that there is usually debris and food scraps in the aisles, especially in the produce lane.

Defendant, in moving for summary judgment dismissing the complaint, challenges plaintiff's assertion that the store had notice of the presence of debris, largely relying upon the decision of the Court of Appeals in *Gordon v American Museum of Natural History* (67 NY2d 836), where plaintiff therein had claimed that he fell on the front entrance steps of the museum when he tripped on a piece of white, waxy paper. However, that case did not involve a motion for summary judgment but, instead, dealt with the sufficiency of the evidence introduced at trial. As the Court aptly noted in *Padula v Big V Supermarkets* (173 AD2d 1094, 1095), wherein the

plaintiff had slipped and fallen on a wet floor in the front section of defendant's supermarket, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853). A failure to do so requires denial of the motion regardless of the sufficiency of the opposing papers (*supra*)".

Thus, it was not plaintiff's burden in opposing the motion for summary judgment to demonstrate, as defendant urges, that the supermarket had actual or constructive notice of the unsafe condition. Rather, it was the responsibility of defendant to establish the absence of notice as a matter of law (*see, supra*, at 1095) since plaintiff submitted proof that she slipped and fell on some sort of vegetable debris, probably snow pea pods, and that the floor in the produce lane was commonly littered, a reasonable inference can be drawn that defendant may not have maintained the aisle in an adequately clean and safe condition and that the store could be charged with constructive, if not actual, notice of the problem. In *Padula v Big V Supermarkets* (*supra*, at 1096), the Court observed with respect to the accumulation of water that "[a]s the situation here was a recurrent one in times of inclement winter weather, an inference could be drawn that defendant had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition."

Contrary to the defendant's contention that plaintiff has not demonstrated that it had actual or constructive notice of any dangerous condition, there is no authority for granting a motion for summary judgment dismissal merely because plaintiff has not established which specific piece of debris was the cause of plaintiff's injury, how long that item had been lying on the floor, the manner in which it came to be in the aisle and that the supermarket was aware that such debris was present but failed to remove it. Indeed, defendant would impose a standard for opposing a motion for summary judgment that is even more strict than the one generally applicable at trial where a jury is permitted, under appropriate circumstances, to draw inferences based upon the evidence. Consequently, the Supreme Court appropriately denied defendant's motion for summary judgment dismissing the complaint. Concur—Asch, J. P., Rubin, Nardelli and Tom, JJ.