■ TERRI McCLARREN, Respondent, v PRICE CHOPPER SUPER-MARKETS, INC., Appellant. [640 NYS2d 702] —Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 18, 1995 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action to recover for injuries she sustained on February 22, 1993 when she slipped and fell on an accumulation of a clear liquid on the floor of defendant's supermarket in the City of Amsterdam, Montgomery County. Following the accident, defendant's store employees determined that the source of the spill was a 22-ounce bottle of Ivory Clear dishwashing detergent, which was found on a shelf adjacent to the site of plaintiff's fall, in an upright position, approximately 2 to 3 inches from the front edge of the shelf. The top of the bottle was in the up or open position and approximately one inch or 1 to 2 ounces of the liquid was missing.

On its motion for summary judgment, defendant submitted plaintiff's deposition testimony and the deposition testimony and affidavits of store employees indicating that the aisle where plaintiff fell had been inspected approximately 3 to 5 minutes

prior to the accident and found to be clean and dry. In our view, defendant's evidentiary showing satisfied its burden of establishing prima facie that it did not create or have actual or constructive knowledge of the condition that caused plaintiff's injuries (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698; *Benware v Big V Supermarkets*, 177 AD2d 846), requiring dismissal of the action in view of plaintiff's failure to submit competent evidence in opposition to the motion or to establish a reasonable excuse for her failure to do so (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065).

We are not persuaded by plaintiff's contention that the circumstances surrounding the spill or defendant's awareness of prior similar incidents created a factual issue concerning defendant's constructive knowledge. The arguments that the discharge of approximately 1 to 2 ounces of liquid must have taken more than 3 to 5 minutes and that defendant's inspection would have surely disclosed the absence of one inch of clear liquid in a clear bottle are wholly speculative (*see, Maiorano v Price Chopper Operating Co., supra; Benware v Big V Supermarkets, supra*). In addition, the two prior incidents, where vandals apparently removed the top from a large bottle of a cleaning product and turned the bottle upside down at the rear of a shelf, were not sufficiently similar to place defendant on notice of the condition giving rise to plaintiff's injury (*see, Snyder v Golub Corp.*, 199 AD2d 776, *lv denied* 83 NY2d 754).

Under the circumstances, we are constrained to conclude that Supreme Court erred in denying defendant's motion for summary judgment.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.