■ DOROTHY STROWMAN, Respondent, v GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Appellant. [675 NYS2d 82] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about February 26, 1997, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Since this record is bereft of any showing as to defendant's notice, actual or constructive, of the presence of the banana peel on the floor prior to the accident, we reverse and grant summary judgment dismissing the complaint. There is no evidence that defendant created the complained-of condition, and plaintiff does not proceed on that theory.

Plaintiff claims that she slipped and fell on a crushed, dirty banana peel lying on the defendant supermarket's floor in front of the entrance to the cashier's lane. At her deposition, plaintiff conceded that she did not observe the banana peel before the accident, and that she noted it for the first time after she fell. Nor was there any evidence as to how the banana peel got on the floor or how long it was there before the accident. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Benware v Big V Supermarkets*, 177 AD2d 846, 847.)

In the instant case, defendant's store manager testified at a deposition that the front end of the store is maintained at all times and that a porter is available in case sweeping is needed. The manager further testified that he would walk around the store, particularly in the front area, which he would pass by at least every hour, to make sure there was no debris on the floor. If something were observed, either the manager or porter would

take care of it. At his deposition taken on February 22, 1996, the manager had no recollection of the September 10, 1991 accident, which had occurred approximately four and one-half years earlier. Upon observing a banana peel or other spillage on the floor, according to the deposition testimony, a front-end cashier would immediately pick it up or call the manager to have the floor cleaned. Cecilia Flores, a store cashier who has been listed as a witness for plaintiff, could not recall an incident involving a fall over a banana peel although, for several years prior to the accident, she knew plaintiff as a customer.

On such a state of the record, it was incumbent upon plaintiff to show that defendant had either actual or constructive notice of the alleged dangerous condition. Asking anything more of a moving defendant in such circumstances on the issue of notice would skew the burden of proof, which is always on the plaintiff. (*Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692; *see, Benware v Big V Supermarkets*, 177 AD2d 846, *supra.*) A defendant's burden on the issue of notice on a summary judgment motion is met if he demonstrates the absence of a material issue of fact on the question. He is not, as the dissent holds, required "definitively [to] deny actual or constructive notice of the banana peel." Such a requirement would, in effect, require a defendant to prove a negative on an issue as to which he does not bear the burden of proof. *Colt v Great Atl. & Pac. Tea Co.* (209 AD2d 294), cited by the dissent, which held that it was the responsibility of defendant to establish the absence of notice as a matter of law, is distinguishable. While this statement is incorrect as a general proposition of law insofar as a defendant's initial burden on a summary judgment motion is concerned, it properly represents the burden in *Colt*, since the plaintiff had submitted proof "that the floor in the produce lane was commonly littered" (*supra,* at 295), from which it could be reasonably inferred that the defendant could be charged with constructive, if not actual, notice of the problem. No such proof has been offered here.

Sufficient facts having been shown on the issue of notice, it was incumbent upon plaintiff to make a prima facie showing on the issue. On that point, she relies on the alleged "crushed and dirty" condition of the banana peel. This is insufficient, as a matter of law. (*Cuddy v Waldbaum, Inc.*, 230 AD2d 703; *Kaufman v Man-Dell Food Stores*, 203 AD2d 532.) Nor is the fact that defendant's employees may have been in the vicinity of the accident sufficient to establish constructive notice. (*Moss v JNK Capital*, 211 AD2d 769, *affd* 85 NY2d 1005; *Benware v Big V Supermarkets*, 177 AD2d 846, *supra.*)

Contrary to the dissent's conclusion, the condition of the banana peel is not sufficient to warrant any inference as to the length of time it had been on the supermarket floor. For all that this record shows, the banana peel could have been deposited on the floor only minutes or seconds before the accident. Any other conclusion would be pure speculation. (*Gordon v American Museum of Natural History, supra,* 67 NY2d, at 838.) The observation after the accident that the banana peel was crushed and dirty does not warrant the inference that the banana peel was in such a condition prior to the accident since the manner in which the accident occurred would leave a banana peel dirty and crushed. Concur—Sullivan, J. P., Rosenberger and Williams, JJ.

Andrias, J., dissents in a memorandum as follows: I would affirm.

Generally, in the face of proof that the area in which plaintiff fell had been swept within five or ten minutes of the accident, evidence that the banana peel on which plaintiff allegedly slipped and fell was "crushed and dirty" would be insufficient, by itself, to show that defendant had constructive notice of a dangerous condition (*see, Maiorano v Price Chopper Operating Co.,* 221 AD2d 698). However, we need not reach the sufficiency of plaintiff's prima facie case on this motion for summary judgment by defendant, which, as the proponent of a motion for summary judgment, " 'must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case [citation omitted]' " (*Colt v Great Atl. & Pac. Tea Co.,* 209 AD2d 294, 295; *cf., Van Steenburg v Great Atl. & Pac. Tea Co.,* 235 AD2d 1001).

The deposition testimony and affidavits of defendants' employees, who had no personal knowledge of the incident, and could not describe the cleaning schedule in place at the time of the incident or when the floor had last been cleaned, and thus could not definitively deny actual or constructive notice of the banana peel (*cf., Hendricks v 691 Eighth Ave. Corp.,* 226 AD2d 192), fell short of meeting this standard.

I agree that in the face of testimony from similarly situated defendants' employees that the area in question had been regularly cleaned or patrolled or that the area in question was clean shortly before the accident, as was the case in all the cases relied upon by the majority, plaintiff's testimony regarding the condition of the banana peel in question would be insufficient to defeat defendant's motion for summary judgment. Here, however, defendant has failed to produce any proof by a

person with actual knowledge as to the condition of the scene of the accident on the day in question.

Plaintiff, in her bill of particulars, alleged that her fall took place on September 10, 1991, at approximately 11:00 A.M., and that this occurrence was reported to the manager of the store, "Charlie". However, rather than producing "Charlie" for examination, defendant produced Mike Hunter, who testified at his deposition in 1996 that he had been permanently assigned as the co-manager of the store in question since December 1992. Prior to that he was a relief man who would go from store to store to let people take vacations or days off. He testified that he could not recall whether he was assigned to the subject store on the day of the accident; that, at the time of the accident, there were a manager and three co-managers, whom he named; that Charlie Bowen, who was the morning-shift co-manager at the time, was no longer with A&P; that he did not witness plaintiff's fall; and, that he had no first-hand information regarding the incident, having heard about it for the first time in January 1996, approximately a month before his deposition.

The only other witness produced by defendant, Cecilia Flores, testified that she was a cashier in the store in question; that she was working three days a week in 1991 but could not recall the specific hours; and, that she did not witness plaintiff's fall, having learned about it for the first time three weeks before her deposition. In her affidavit in support of defendant's summary-judgment motion, Ms. Flores states that she has no knowledge as to whether she was working on the date of the alleged incident, although she was told that plaintiff noticed that she was a witness.

As stated by this Court in *Colt v Great Atl. & Pac. Tea Co.* (*supra*, 209 AD2d, at 295), "it was not plaintiff's burden in opposing the motion for summary judgment to demonstrate, as defendant urges, that the supermarket had actual or constructive notice of the unsafe condition * * * there is no authority for granting a motion for summary judgment dismissal merely because plaintiff has not established which specific piece of debris was the cause of plaintiff's injury, how long that item has been lying on the floor, the manner in which it came to be in the aisle and that the supermarket was aware that such debris was present but failed to remove it. Indeed, defendant would impose a standard for opposing a motion for summary judgment that is even more strict than the one generally applicable at trial where a jury is permitted, under appropriate circumstances, to draw inferences based upon the evidence."

*Gordon v American Museum of Natural History* (67 NY2d 836) is not to the contrary. There, "[t]he record contain[ed] no evidence that anyone, including plaintiff, observed the piece of white paper prior to the accident. Nor did he describe the paper as being dirty or worn, *which would have provided some indication that it had been present for some period of time* (*supra*, at 838 [citation omitted, emphasis added]). Although constructive notice may be established by a showing of knowledge of a recurring condition (*Colt v Great Atl. & Pac. Tea Co., supra*, at 295), a general awareness that litter or some other unsafe condition may be present is insufficient to place defendant on constructive notice (*Gordon v American Museum of Natural History, supra*, at 838). However, the absence of evidence of a recurring condition does not necessarily preclude a finding of constructive notice and the dangers to be reasonably anticipated measure the frequency of inspection and the intensity of the maintenance required (*Cameron v Bohack Co.*, 27 AD2d 362, 365).

Based upon the described condition of the subject banana peel here, a finder of fact could possibly and reasonably infer that it had been on the floor at the entrance to the cashier's lane for a sufficient length of time prior to plaintiff's fall to permit defendant's employees to discover and remove it (*Gordon v American Museum of Natural History, supra*, at 837).