■ CATERINA FARICELLI et al., Respondents, v TSS SEEDMAN'S, INC., Appellant, and BRITE OFFICE CLEANING CORP. et al., Respondent. (And a Third-Party Action.) [686 NYS2d 85] —In an action to recover damages for personal injuries, etc., the defendant TSS Seedman's, Inc., appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Huttner, J.), entered January 28, 1998, as, upon a jury verdict finding it to be 95% at fault in the happening of the accident and the plaintiff Caterina Faricelli to be 5% at fault, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed insofar as asserted against the defendant TSS Seedman's, Inc.

The injured plaintiff allegedly fell on a blackened, dry banana peel lying on the floor of a store owned by the defendant TSS Seedman's, Inc. (hereinafter TSS Seedman's). Following a trial, the jury found, *inter alia,* that TSS Seedman's was primarily at fault in the happening of the accident. We reverse.

The plaintiffs failed to show that TSS Seedman's had either actual or constructive notice of the presence of the banana peel on the floor prior to the accident. The plaintiffs' reliance on the alleged "blackened" condition of the banana peel is insufficient to establish notice (*see, Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280; *Maiorano v Price Chopper Operating Co.,* 221 AD2d 698; *Strowman v Great Atl. & Pac. Tea Co.,* 252 AD2d 384).

In light of this determination, we need not reach the claim of TSS Seedman's that the Supreme Court improperly dismissed its cross claims against Brite Office Cleaning Corp. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.