■ ANNA DEMAILLE, Respondent, v TRUMP CASTLE ASSOCIATES et al., Appellants. [725 NYS2d 40] —Judgment, Supreme

Court, New York County (Alice Schlesinger, J.), entered September 14, 2000, which, upon a jury verdict, awarded judgment to plaintiff on liability, unanimously affirmed, without costs.

Plaintiff brings this action to recover for personal injuries sustained on October 2, 1994, when she slipped and fell on one of several puddles of partially melted ice on a marble floor in the Trump Plaza Hotel in Atlantic City.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384, quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The evidence established that plaintiff fell when she and a friend walked from their room into the elevator lobby, which had a marble floor and was adjacent to the room where the ice machine was located. Circumstantial evidence of defendant's constructive notice of a dangerous condition was provided by the uncontroverted trial testimony of plaintiff and her friend regarding the size of the puddles and the size of the partially melted ice cubes, relative to the size of those produced by the ice machine, as well as by the deposition testimony of an individual who entered the elevator lobby shortly after plaintiff fell (*see, Negri v Stop & Shop*, 65 NY2d 625, 626; *Salaam v City of New York*, 226 AD2d 173). Viewing the evidence in the light most favorable to the plaintiff and according her the benefit of every favorable inference (*see, Sagorsky v Malyon*, 307 NY 584), it cannot be said that this circumstantial evidence was insufficient, as a matter of law, to permit the jury to draw the necessary inference that the ice had been spilled a sufficient length of time prior to the accident to allow defendant's employees to discover and remedy the condition (*see, Negri v Stop & Shop, supra*, at 626). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.