■ IRENE TAVIS, Appellant, v 885 THIRD AVENUE CORPORA-TION, Respondent, et al., Defendants. [841 NYS2d 305]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 23, 2006, which, insofar as appealed from as limited by the briefs, sua sponte dismissed the complaint as against defendant 885 Third Avenue Corporation (885), unanimously reversed, on the law, without costs, and the complaint reinstated as against said defendant.

Defendant 885 was not entitled to summary judgment. As the owner of the staircases leading down to the subway station located at 53rd Street and Third Avenue, 885 owed a duty of reasonable care to keep the staircases safe (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]). Evidence already in the record that 885 had hired defendant Temco to clean and maintain the staircases, but only during the week and on Sunday evenings, that plaintiff's accident occurred on a Saturday, and that on the date of the accident both sets of stairs were littered with debris and trash and wet in certain spots raised issues of fact as to, inter alia, the reasonableness of 885's practice of leaving the staircases, located in a heavily traveled area, uninspected and unattended between Friday evening and Sunday evening, and whether, the debris, trash and wetness were visible and apparent and had existed for a sufficient time prior to the accident to place 885 on constructive notice (*see Lopez v New York City Hous. Auth.*, 255 AD2d 160 [1998]). 885's moving papers failed to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate [these] material issues of fact from the case" (*Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295 [1994] [internal quotation marks and citation omitted]). Accordingly, the complaint should not have been dismissed as against 885. Concur—Mazzarelli, J.P., Friedman, Buckley, Catterson and Malone, JJ.