■ NORMA CROOKS, Appellant, v GIBRALTAR CONTRACTING, INC., et al., Respondents, et al., Defendant. [937 NYS2d 224]—

Defendants established their entitlement to judgment as a matter of law. Defendants submitted evidence, including safety reports and testimony, showing that they neither created the alleged dangerous condition nor had notice of its existence (see *Rabat v GNAC Corp.*, 180 AD2d 540 [1992]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether defendants had notice of the wooden board. Plaintiff submitted an affidavit of an eyewitness to the accident who said that he saw the same board lying across the sidewalk in the week prior to the accident and that the board was painted with the same distinctive pattern as the barricade erected by Gibralter surrounding the work site. However, the witness did not specify at what point during the week preceding the accident he saw the board lying across the sidewalk. Therefore, since the evidence indicated that defendants' employees left the site on the Friday before the accident, which occurred on Monday, and did not return until Tuesday, in order to make a finding of constructive notice, a jury would have to improperly speculate that the board fell at a time when defendants' employees were still in the vicinity, so that they should have noticed and remedied the allegedly dangerous condition (see *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *see also Casado v OUB Houses Hous. Co. Inc.*, 59 AD3d 272 [2009]). Moreover, plaintiff denied there was a board lying across the sidewalk at the time defendants' employees left the work site. Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.