(March 13, 1986)

■ JACK HAMMER ASSOCIATES, INC., et al., Appellants-Respondents, v DELMY PRODUCTIONS, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered January 4, 1985, which, *inter alia,* severed plaintiffs' third cause of action but stayed defendants' motion for summary judgment dismissing that cause of action pending a determination of factual questions by the Workers' Compensation Board, is modified, on the law, with costs, to grant defendants' motion for summary judgment dismissing plaintiffs' third cause of action, and, as so modified, affirmed.

The facts pertinent to our modification of Special Term's order are undisputed. Plaintiff Burroughs, known professionally as Jack Hammer, is an actor who contracted with defendant Bubbling Brown Sugar Continental Company (BBS), a limited partnership, to perform in the European production of the musical play "Bubbling Brown Sugar". Hammer alleged in the third cause of action of his complaint that BBS negligently permitted two of his coemployees to drink alcoholic beverages backstage during a performance in Paris, France, and that the coemployees assaulted him and caused physical injuries for which he seeks $1 million in damages.

Defendants pleaded as an affirmative defense that Hammer's exclusive remedy at law for an injury incurred while in BBS's employ is a claim in workers' compensation. Defendants also moved for summary judgment dismissing the third cause

of action on that ground. Hammer responded by questioning whether there was in force a workers' compensation insurance policy covering members of the cast, and asserting that "serious questions arise" as to his status as an employee under the contract. No facts that would give rise to such questions were, however, presented. Nor did Hammer claim that BBS instigated, directed or otherwise willfully participated in the attack upon him, a factor which would have triggered the intentional tort exception to the exclusivity provision of the Workers' Compensation Law. *(Hart v Sullivan,* 84 AD2d 865; *Finch v Swingly,* 42 AD2d 1035.) Defendants produced in reply a copy of the workers' compensation policy covering workplaces located in Europe.

Special Term granted summary judgment with regard to the third cause of action to the extent of severing that cause of action, and otherwise stayed the motion pending a determination by the Workers' Compensation Board of factual issues relating to Hammer's coverage under a valid policy. We modify to the extent of granting defendants' motion and dismissing that cause of action.

It is undisputed that Hammer entered into a written contract for a stipulated sum for a term certain, and that the time and place where he would work were determined by BBS. He was required to perform in a certain number of shows, which were presented at a specified time during certain days of the week. BBS determined the country and theater in which Hammer was to perform, and Hammer was obligated to follow the script and was subject to the supervision of the play's director. We conclude upon these facts that Hammer was an employee, as a matter of law, and not an independent contractor as he suggested. *(See, Matter of Morton,* 284 NY 167; *Matter of Berman v Barone,* 275 App Div 867.)

In *O'Rourke v Long* (41 NY2d 219, 226), the Court of Appeals observed that workmen's compensation (as it was then known) is not appropriately viewed as a "defense" to a tort claim: "Rather, the unavailability of workmen's compensation benefits or insurance for compensation benefits is a matter integral to plaintiff's cause of action, and, as such, must be alleged and proved by the tort plaintiff * * * Although it may be first asserted in the answer by way of defense, or affirmative defense, the issue of compensation exclusivity is to be pleaded and proved by the plaintiff and the omission of plaintiff to so plead does not work to shift the burden of pleading or proving."

Thus, aside from defendants' strong showing of the exclu-

sive remedy in workers' compensation, the third cause of action should have been dismissed based upon plaintiff's failure to plead, or on the summary judgment motion to at least raise an issue, as to the unavailability of workers' compensation benefits or insurance. Since plaintiff did not so plead, and raised no factual questions as to his employment status or whether his injury arose in the course of his employment, there were no issues to defer to the Workers' Compensation Board. (Cf. Weber v State of New York, 104 Misc 2d 947.) As regards the corporate plaintiff, the third cause of action must clearly be dismissed for failure to state a cause of action. (Ferguson v Green Is. Contr. Corp., 36 NY2d 742.) Concur—Murphy, P. J., Sandler, Fein and Asch, JJ.