■ PASQUALE SCIRICA et al., Respondents, v ARIOLA PASTRY SHOP, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 3, 1989, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted and the complaint is dismissed.

The plaintiff Pasquale Scirica slipped and fell while inside the defendant pastry shop, and commenced this action to recover damages for an injury to his knee, alleging, *inter alia,* that the defendant failed to maintain the floor in a safe condition. We conclude that the defendant established its entitlement to summary judgment, and the complaint should have been dismissed.

The plaintiffs contended that the dangerous condition consisted of wax paper which had fallen on the shop's terrazzo floor. The record reveals that the plaintiffs failed to present evidence that the defendant had actual or constructive notice of the alleged dangerous condition or that the defendant or his employees created any dangerous condition *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, *affg* 99 AD2d 246; *Torri v Big V,* 147 AD2d 743). In his deposition testimony, the plaintiff stated that he had been inside the shop for about 10 minutes before he fell. When his knee hit the floor, he looked down and saw a piece of wax paper. He had not noticed the wax paper before he fell and did not recall if the wax paper was dirty. Whether the wax paper had been on the floor for more than a matter of minutes or seconds would be purely speculative. As the plaintiffs failed to offer evidence tending to show how long the paper had been on the floor before the accident, or that the defendant's employees created the condition, they cannot establish a *prima facie* case against the defendant *(see, Lewis v Metropolitan Transp. Auth., supra; Gordon v American Museum of Natural History, supra).* Contrary to the plaintiffs' contention, this case is distinguishable from *Weisenthal v Pickman* (153 AD2d 849) as there was no evidence offered of a recurring problem of an accumulation of debris in the shop. The owner of the shop stated in his deposition that the floor was swept of debris at least once daily and more often if needed by the employees. Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.