■ MICHAEL MASCHIO, Appellant, v BUILDERS TRANSPORT, INC., Formerly Known as JAY LINES, INC., Respondent. [609 NYS2d 839] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), entered February 7, 1992, which granted the defendant's motion for summary judgment dismissing the complaint for lack of personal jurisdiction.

■ MICHAEL MASCHIO, Respondent, v BUILDERS TRANSPORT, INC., Formerly Known as JAY LINES, INC., Appellant. [609 NYS2d 618] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Shaw, J.), entered March 15, 1991, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff fell in the rear of a refrigerated tractor trailer that was being unloaded, and commenced the instant action to recover damages for personal injuries, alleging, inter alia, that the defendant, which owned the trailer, failed to maintain the floor in a safe condition. Specifically, the plaintiff alleged that his fall was caused by a one-half inch dent in the metal floor and wetness on the floor.

It is well settled that in order to impose liability upon a defendant in a situation such as this one, the plaintiff must demonstrate the defendant had actual or constructive notice of the alleged dangerous condition or that the defendant or its employees created the dangerous condition (see, Gordon v American Museum of Natural History, 67 NY2d 836; Scirica v Ariola Pastry Shop, 171 AD2d 859; Johnson v Grand Union Co., 158 AD2d 517). In support of the motion, the defendant submitted "evidentiary proof in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562) to warrant judgment in its favor. In opposition to the defendant's motion, it was

incumbent upon the plaintiff to lay bare his proof as to the defendant's actual or constructive notice of the alleged condition or its creation thereof *(see, Scirica v Ariola Pastry Shop, supra)*. The plaintiff failed to meet his burden. Accordingly, the defendant's motion for summary judgment dismissing the complaint is granted. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.