(August 28, 1997)

■ Mary A. Luzinski, Respondent, v Kenvic Associates, Appellant. (And a Third-Party Action.) [662 NYS2d 27] Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about May 20, 1996, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff commenced this action for personal injuries sustained when she slipped and fell outside premises known as 875 Third Avenue, New York, New York (the "Premises"). The record does not support a finding of either actual or constructive notice to the defendant, the owner of the Premises, of the existence of the allegedly dangerous condition, a one inch by six inches patch of icy substance on the sidewalk in front of the Premises. Although actual notice was pleaded by its inclusion in the bill of particulars, only the issue of constructive notice is under review.

The IAS Court, in finding a factual issue, relied on the affidavit of plaintiff's expert, a chemist, who averred on the basis of meteorological records as well as conditions described by plaintiff, that it would have taken between two and three hours under the existing weather conditions for a liquid to freeze. The expert's evidence, though, only approximated temperature on the basis of the day's average temperature, and did not account for an already frozen substance being dropped just before the accident. Nevertheless, the court concluded that a reasonable inference can be drawn that defendant had constructive notice of the condition.

To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to

247 at the top right

discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Plaintiff's testimony that she had been at that location minutes before and had not observed the substance on which she allegedly had slipped (*see, Scirica v Ariola Pastry Shop*, 171 AD2d 859 [plaintiff entered shop 10 minutes before; upon exiting, slipped on wax paper, which he had not noticed upon entering]) is contrary to the evidence of her own expert with respect to the duration of the condition, and the mere existence of a dangerous condition at the time of the accident is an insufficient basis to impute constructive notice (*see, Pirillo v Longwood Assocs.*, 179 AD2d 744).

Plaintiff's evidence, in toto, "creates the possibility that the condition may have emanated only moments before the accident, through no fault or with no knowledge of the defendant" (*Grier v Macy & Co.*, 173 AD2d 238) and, under analogous circumstances, we have found "any other conclusion [to be] pure speculation" (*supra*, at 238). Plaintiff testified at her deposition that when she had entered the Premises 15 minutes before, she had not noticed the icy substance, and that even after her fall, she could not recall if the substance was frozen solid or was still liquid. The building owner's director of security, in relevant part corroborating the evidence of defendant's security guard, testified that porters cleaned the area, in front of the 29 story building containing 14 restaurants, every 15 to 20 minutes, that he did not see any defective condition when he responded to the fall and that pedestrian traffic at the time was heavy.

Further, the expert's affidavit failed to establish the fact of a two to three hour duration, insofar as the expert could not identify the substance, which precludes a conclusion that necessarily must take into account density and viscosity, and likewise failed to establish the air or ground temperature at the time of the fall, or the temperature of the substance at the time it purportedly was discarded. Since the expert's conclusion merely assumed material facts not supported by the evidence, and was not based on personal knowledge, it constituted, at best, an impermissible guess or speculation (*see, Interstate Cigar Co. v Dynaire Corp.*, 176 AD2d 699).

Accordingly, in view of the absence of any competent evidence that defendant had constructive notice of the allegedly defective condition, plaintiff has failed to establish a prima facie case, and dismissal is warranted. Concur—Murphy, P. J., Wallach, Rubin, Tom and Andrias, JJ.