■ LUCILA PARRA, Respondent-Appellant, v CITY OF NEW YORK, Defendant, and 175 DYCKMAN LLC et al., Appellants-Respondents. [27 NYS3d 36]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 9, 2014, which denied defendants 175 Dykman LLC and Payless ShoeSource, Inc.'s (defendants) motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to strike defendants' answer for spoliation of evidence, unanimously modified, on the law, to grant defendants' motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.

In this action for personal injuries allegedly sustained by plaintiff when she tripped over a sidewalk defect, defendants demonstrated that they lacked actual and constructive notice

of the defective condition. Defendants submitted plaintiff's testimony that she had never seen the defect before, and had no knowledge of prior accidents or complaints and the testimony of defendant Payless's assistant store manager that the sidewalk was cleaned every morning, no defects were noted, and there were no complaints or prior accidents (*see Gomez v Congregation K'Hal Adath Jeshurun, Inc.*, 104 AD3d 456 [1st Dept 2013]). The Big Apple map, which was filed more than six years prior to the accident, was insufficient to raise a triable issue as to constructive notice since there was no evidence that the condition shown on that map was the same defect that caused plaintiff's fall.

The court properly denied plaintiff's cross motion for sanctions based on the supposed re-paving of the sidewalk where plaintiff was injured. Plaintiff failed to establish that defendants had an obligation to preserve the sidewalk in its alleged dangerous condition and that they destroyed the evidence "with a culpable state of mind" (*Duluc v AC & L Food Corp.*, 119 AD3d 450, 451 [1st Dept 2014] [internal quotation marks omitted], *lv denied* 24 NY3d 908 [2014]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels and Gische, JJ.