■ CHARITO NEPOMUCENO, Appellant, v CITY OF NEW YORK et al., Defendants, and BETH ISRAEL MEDICAL CENTER, Respondent. [28 NYS3d 51]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 12, 2015, dismissing the complaint against defendant Beth Israel Medical Center (BIMC), and bringing up for review an order, entered March 24, 2015 as amended July 9, 2015 (same court and Justice), which granted BIMC renewal of its motion for summary judgment dismissing the complaint, and upon renewal, dismissed the complaint, unanimously affirmed, without costs. Appeal from the orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleges that on June 6, 2009, at approximately 6:30 a.m., she was walking on the sidewalk on 1st Avenue between 16th Street and 17th Street in front of and near the entrance of BIMC when she slipped and fell on a piece of fruit. BIMC was plaintiff's employer when the accident occurred.

Supreme Court properly dismissed the complaint. Plaintiff could not proceed with her tort claims, because she failed to sustain her burden of establishing the unavailability of workers' compensation benefits or insurance (*see Jack Hammer Assoc. v Delmy Prods.*, 118 AD2d 441, 442 [1st Dept 1986], citing *O'Rourke v Long*, 41 NY2d 219, 226 [1976]). There was no surprise or prejudice to plaintiff, because BIMC pleaded that workers' compensation was her sole remedy as an affirmative defense in its answer and in its 2011 motion to dismiss, which was made approximately five months before the two-year statute of limitations imposed by Workers' Compensation Law § 28 expired.

Even if this Court were to examine the merits, we would find that BIMC is entitled to summary dismissal of the complaint because it met its burden to show that it did not cause or create the alleged condition. Plaintiff's theory of liability is that the fruit came from a fruit stand that was operating near the entrance to the hospital, but plaintiff did not know how the fruit came to be on the sidewalk. BIMC established that it lacked actual notice of the alleged condition; its witness testified that he was responsible for the subject area, but was not

aware of any complaints or accidents happening at that location prior to the subject incident (*see Gomez v J.C. Penny Corp., Inc.*, 113 AD3d 571, 571 [1st Dept 2014]).

In addition, plaintiff's testimony demonstrates that the fruit was not on the sidewalk long enough to establish that BIMC had constructive notice that it was there. Indeed, plaintiff testified that when she first passed the location, there was nothing blocking her view and that she did not see the fruit on the ground before she fell. Plaintiff also testified that approximately one minute had elapsed between the time she had successfully walked through the accident location to go to her vehicle and the time she returned to the fruit stand and that the accident happened during her return trip to the fruit stand, which indicates that the condition was created only moments before the accident, through no fault and with no knowledge of BIMC (*see Luzinski v Kenvic Assoc.*, 242 AD2d 246, 246-247 [1st Dept 1997]).

Contrary to plaintiff's contention, Supreme Court properly granted BIMC's motion to renew, because it was based upon new facts not offered in its 2011 motion for summary judgment (*see Puello v City of New York*, 118 AD3d 492 [1st Dept 2014]).

We have considered plaintiff's other arguments and find them to be unavailing. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.