Schulman v City of New York (2018 NY Slip Op 00266)





Schulman v City of New York


2018 NY Slip Op 00266


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5467 154798/12

[*1]Loretta Schulman, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Respondents, New York City Department of Transportation, et al., Defendants, Fra-Ming Realty Corp., Defendant-Appellant.


Mauro Lilling Naparty, LLP, Woodbury (Anthony F. Destefano of counsel), for appellant.
William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for Loretta Schulman and Leonard Schulman, respondents.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for City of New York, respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 30, 2016, which denied defendant Fra-Ming Realty Corp.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff Loretta Schulman alleges that she tripped and fell on a metal protrusion and/or sign post "stump" on a public sidewalk located in front of 123-125 East 90th Street, which is owned by defendant Fra-Ming Realty Corp. and maintained by its managing agent, nonparty Wallack Management Co., Inc.
After reviewing the record, we find that defendant established that its employees did not create the alleged defect by submitting the deposition testimony of its part-owner that defendant performed no work to the subject section of the sidewalk before the accident (see Nepomuceno v City of New York, 137 AD3d 646, 646-647 [1st Dept 2016]). The part-owner's testimony also established that defendant lacked actual or constructive notice of the alleged condition, because he testified that prior to plaintiff's accident, he was unaware of any complaints or accidents on the sidewalk, and had received no violations concerning the sidewalk (see Parra v City of New York, 137 AD3d 532, 533 [1st Dept 2016], citing Gomez v Congregation K'Hal Adath Jeshurun, Inc., 104 AD3d 456, 456 [1st Dept 2013]). In opposition, plaintiff and codefendant City of New York failed to raise a triable issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK