Luna v CEC Entertainment, Inc. (2018 NY Slip Op 01429)





Luna v CEC Entertainment, Inc.


2018 NY Slip Op 01429


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5892 302488/13

[*1]Indyra Luna, Plaintiff-Respondent,
v
CEC Entertainment, Inc., doing business as Chuck E. Cheese's, Defendant-Appellant.


Rutherford & Christie, LLP, New York (L. Diana Mulderig of counsel), for appellant.
Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered July 14, 2016, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that, on October 2, 2011, she slipped and fell on a wet condition, on the steps of a ride, at a restaurant and entertainment facility owned and operated by defendant.
Defendant met its prima facie burden on the motion of establishing that it neither created the alleged wet condition nor had prior actual or constructive notice of it. By plaintiff's own admission, the wet condition, which she never saw but assumes was there, could only have been created moments earlier, having not been present when she walked up the steps (see Rosario v Haber, 146 AD3d 685 [1st Dept 2017]; Nepomuceno v City of New York, 137 AD3d 646, 647 [1st Dept 2016]; Espinal v New York City Hous. Auth., 215 AD2d 281, 281—282 [1st Dept 1995]).
Based upon plaintiff's testimony that she was using both hands to carry her daughter down the steps when she fell, without any indication that she reached for a handrail, defendant established that the lack of a handrail did not proximately cause or contribute to the accident (see Pena v Women's Outreach Network, Inc., 35 AD3d 104, 111 [1st Dept 2006]; Plowden v Stevens Partners, LLC, 45 AD3d 659 [2d Dept 2007]).
Plaintiff's affidavit in opposition, wherein she claimed that she tried to reach for a handrail when she fell, raised only feigned issues of fact, as it directly contradicted, and appears to have been tailored to avoid the consequence of, her earlier testimony (see Smith v Costco Wholesale Corp., 50 AD3d 499, 501 [1st Dept 2008]; Telfeyan v City of New York, 40 AD3d 372 [1st Dept 2007]).
Pursuant to CPLR 3116(a), plaintiff's unsigned deposition transcript may be used as though fully signed, as defendant submitted proof that the certified transcript was provided to her attorneys for execution and not returned. Moreover, an unsigned but certified transcript may be [*2]used as an admission (see Morchik v Trinity School, 257 AD2d 534, 536 [1st Dept 1999]), especially where, as here, there is no dispute as to the accuracy of the transcript (see Bennett v Berger, 283 AD2d 374 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK