Hill v Manhattan N. Mgt. (2018 NY Slip Op 06323)





Hill v Manhattan N. Mgt.


2018 NY Slip Op 06323


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7168 154379/14

[*1]Robyn Hill, Plaintiff-Respondent,
v
Manhattan North Management, Defendant-Appellant.


McGaw, Alventosa & Zajac, Jericho (Andrew Zajac and Ross P. Masler of counsel), for appellant.
Russo & Toner, LLP, New York (Maurice J. Recchia of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 18, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish its entitlement to judgment as a matter of law in this action where plaintiff slipped and fell on water in the vestibule of defendant's building. Defendant failed to make a prima facie showing that it lacked constructive notice because the superintendent failed to testify or aver that his assistant adhered to a janitorial schedule on the day of the accident or when the area was last inspected prior to plaintiff's fall (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). Since defendant failed to meet its initial burden to establish that it lacked constructive notice of the alleged defect as a matter of law, the burden never shifted to plaintiff to establish how long the condition existed (see Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]).
Defendant also failed to establish that it lacked constructive notice on the basis that the water was not present in the vestibule for a sufficient period to afford defendant an opportunity to discover and remedy the condition (see Nepomuceno v City of New York, 137 AD3d 646, 646-47 [1st Dept 2016]). Whether the water was present for that sufficient period presents an outstanding factual issue, as the time it took plaintiff and her friend to return to the premises from the store is unclear, and defendant failed to clarify the issue at the deposition.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK