White v MP 40 Realty Mgt. LLC (2020 NY Slip Op 05838)





White v MP 40 Realty Mgt. LLC


2020 NY Slip Op 05838


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 27143/16 Appeal No. 12094 Case No. 2020-01896 

[*1]Odessa White, Plaintiff-Appellant,
v
MP 40 Realty Management LLC, Defendant-Respondent.


Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
Gold Benes, LLP, Bellmore (James F. Stewart of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered December 12, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendant failed to establish its prima facie entitlement to summary judgment in this action where plaintiff alleges that she slipped and fell on grease as she descended the stairs in defendant's building. Defendant did not demonstrate that it lacked constructive notice of the grease as it failed to show when the stairwell was last cleaned or inspected (see Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520 [1st Dept 2018]; Hill v Manhattan N. Mgt., 164 AD3d 1187 [1st Dept 2018]). Proof of a regular maintenance schedule "does not suffice for purposes of showing that it was followed" (Gautier v 941 Intervale Realty LLC, 108 AD3d 481, 481 [1st Dept 2013]), and since the superintendent was due to clean the hallways and stairs on the day of the accident, plaintiff's observation of debris on the stairs shows that no such maintenance was done prior to her fall.
Contrary to defendant's contention, plaintiff raised the issue of constructive notice before the motion court and argued that the superintendent had not cleaned the building on the day of her accident.
Because defendant did not meet its initial burden of showing that it lacked constructive notice of the alleged defective condition as a matter of law, the burden never shifted to plaintiff to demonstrate how long the condition existed (see Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020