Barreto v Grote St. Apts., L.P. (2022 NY Slip Op 00003)





Barreto v Grote St. Apts., L.P.


2022 NY Slip Op 00003


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 23239/17E Appeal No. 14943 Case No. 2021-02014 

[*1]Luis Barreto, Plaintiff-Respondent,
v
Grote Street Apartments, L.P., et al. Defendants-Appellants.


Kaufman Dolowich & Voluck, LLP, White Plains (Matthew Rosen of counsel), for appellants.
Law Offices of Patrick J. Mullaney, P.C., Forest Hills (Kevin G. Lillis of counsel), for respondent.



Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered February 26, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish their entitlement to summary judgment. Despite defendants' contention to the contrary, plaintiff identified the defect that caused him to slip and fall on the staircase, testifying that he slipped because the last two steps before the third-floor landing were "not at the same level." At any rate, even had plaintiff been unable to identify the cause of his fall, the affidavit submitted by plaintiff's expert opined that the accident could have been prevented had the riser heights on two of the stairs been compliant with the applicable building code provisions, and defendants failed to adequately rebut this expert opinion. Thus, triable issues of fact exist as to whether a defect on the stairs caused plaintiff's injuries (see Murray v Villa Barone Ristorante, Inc., 148 AD3d 458, 459 [1st Dept 2017]; Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp., 299 AD2d 230, 232 [1st Dept 2002]). Likewise, defendants failed to demonstrate that they did not cause or create the allegedly dangerous condition, since they did not submit either an affidavit or deposition testimony from a witness with knowledge on that issue (see O'Connor v Tishman Constr. Corp., 182 AD3d 502, 504 [1st Dept 2020]).
Defendants also did not satisfy their burden of establishing a lack of actual or constructive notice of a defect. As to actual notice, there was no testimony or any other evidence from defendants' witnesses as to who was responsible for receiving complaints regarding the staircase (see Nepomuceno v City of New York, 137 AD3d 646, 646-647 [1st Dept 2016]). As to constructive notice, defendants offered no details as to when the stairway was last inspected or maintained before plaintiff's accident; rather, defendants' witness testified merely that he was working on the day plaintiff fell and would have inspected the staircase at some time on that day (see Gautier v 941 Intervale Realty LLC, 108 AD3d 481, 481 [1st Dept 2013]; Moser v BP/CG Ctr. I, LLC, 56 AD3d 323, 324 [1st Dept 2008]). Furthermore, the affidavit of defendants' vice-president of field operations, in which he stated that defendants did not receive any violations or citations regarding the staircase from any governmental authority, pertained only to a search for violations received after the accident.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022