Henriquez v Appula Mgt. Corp. (2025 NY Slip Op 00376)

Henriquez v Appula Mgt. Corp.

2025 NY Slip Op 00376

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Ind No. 33099/20 Appeal No. 3548 Case No. 2024-02361 

[*1]Miosotis Henriquez et al., Plaintiffs-Respondents,
v
Appula Management Corporation et al., Defendants-Appellants.

Jeffrey Samel & Partners, New York (Robert G. Spevack of counsel), for appellants.
Hoberman & Trepp, P.C., Bronx (Adam F. Raclaw of counsel), for respondents.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered April 3, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff MiosotisHenriquez alleges that on September 25, 2020, while holding on to the handrail as she descended a stairway in her apartment building, she slipped on the third step from the bottom, lost her grip on the handrail, grabbed the handrail again, which shifted, and then she fell to the floor, causing her injury. She testified that she did not see water on the steps before she fell and did not know the source, but assumed the liquid substance was water based on the feeling of wetness and lack of stickiness on her hands and pants. However, Henriquez testified that she saw drippings such as orange juice from groceries and leaky trash bags on the stairway the day or two before the accident. 
Defendants' only witness, Rina Manginelli, an administrative assistant, testified that she inspected the building, including its stairways and handrails, once a month as part of her duties. She further testified that there was a porter who cleaned the building based on a daily schedule, and another employee, Rosemarie Matos, who reviewed complaints from tenants. However, defendants did not submit any sworn testimony from either the porter or Matos.
"A landowner has a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to third parties, the potential seriousness of the injury and the burden of avoiding the risk" (Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 322 [1st Dept 2006], affd 8 NY3d 931 [2007]). Unless it can be shown that the landowner created the defective condition, a plaintiff must show the landowner had either actual or constructive notice of the claimed defect (see Lewis v Metropolitan Transp. Auth., 64 NY2d 670 [1984]).
Defendants failed to demonstrate that they did not create a slippery condition or the unstable handrail. They did not produce any testimony from the porter or Matos regarding the cleaning practices or the lack of prior complaints. Further, defendants have not advanced any alternative theories of causation. Defendants conceded that the cause of the shifting handrail was unknown.
Even assuming defendants did not create the alleged conditions, they failed to establish they lacked actual notice by failing to submit specific evidence showing the absence of complaints or other accidents at the site (see Barreto v Grote St. Apts., L.P., 201 AD3d 401, 402 [1st Dept 2022]; cf. Pagan v New York City Hous. Auth., 121 AD3d 622, 623 [1st Dept 2014]).
Defendants also failed to establish lack of constructive notice by failing to submit specific evidence as to when the area was last inspected or cleaned (see Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520 [1st Dept 2018]). "Proof of a regular maintenance schedule does not suffice for purposes of showing [*2]that it was followed [on the day of the accident]" (White v MP 40 Realty Mgt., LLC, 187 AD3d 561, 562 [1st Dept 2020] [internal quotation marks omitted]). Furthermore, "plaintiff's failure to notice the hazard prior to her fall [does] not conclusively establish defendants' lack of notice" (Porco v Marshalls Dept. Stores, 30 AD3d 284, 284-285 [1st Dept 2006]).
Defendants have therefore failed to establish that they neither created the alleged dangerous or defective conditions or had actual or constructive notice of such conditions and thus, have not established their prima facie entitlement to judgment as a matter of law.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025