Green v Whole Foods Mkt. Group, Inc. (2025 NY Slip Op 07094)

Green v Whole Foods Mkt. Group, Inc.

2025 NY Slip Op 07094

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 155089/20|Appeal No. 5422|Case No. 2024-06371|

[*1]Shanta Green, Plaintiff-Appellant,
v
Whole Foods Market Group, Inc. et al., Defendants-Respondents.

Pollack Pollack Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Fishman McIntyre Levine Samansky, P.C., New York (Mohamed Mazzy of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about September 4, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that on March 12, 2018, at around 10:30 p.m., she slipped and fell on a clear liquid substance in a customer bathroom at a Whole Foods store. Plaintiff testified that her pants and hands were wet after she got up from the floor. She also submitted photographs and testified that the bathroom was not clean when she entered it, with an overflowing trash can and tissue on the floor under and in front of the trash can.
Defendants failed to satisfy their prima facie burden of establishing that they did not have constructive notice of the allegedly dangerous condition that caused plaintiff to slip and fall. Defendants' sole witness, a store supervisor, testified that she did not remember if she worked on the day of the incident and that she did not recognize and could not authenticate the inspection logs from that day. The inspection logs showed that the bathroom was not inspected between 9:12 p.m. and the store's closing at 11 p.m., despite the supervisor's testimony that the bathrooms were inspected and cleaned hourly, in addition to frequent check-ins. Accordingly, neither the supervisor's deposition testimony nor the inspection logs sustained defendants' initial burden as to lack of constructive notice (see Henriquez v Appula Mgt. Corp., 234 AD3d 592, 593 [1st Dept 2025]; White v MP 40 Realty Mgt., LLC, 187 AD3d 561, 562 [1st Dept 2020]). Additionally, in the absence of admissible evidence that defendants inspected and cleaned the bathroom prior to plaintiff's accident, the fact that plaintiff did not notice the clear liquid substance on the floor before she fell does not conclusively establish that defendants had no notice of the condition (see Porco v Marshalls Dept. Stores, 30 AD3d 284, 284-285 [1st Dept 2006]).
Because defendants failed to establish prima facie entitlement to summary judgment, we need not consider the sufficiency of the opposition papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
To the extent the parties advance arguments regarding whether defendants either created or had actual notice of the allegedly dangerous condition, those arguments are either deemed abandoned by plaintiff, as they were not raised in her opening brief or are improperly raised for the first time on appeal (see Shaw v Bluepers Family Billiards, 94 AD3d 858, 860 [2d Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025