MacNeal v Broadway Stor., LLC

2026 NY Slip Op 02338

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kelly MacNeal, Plaintiff-Appellant,

v

Broadway Storage, LLC, et al., Defendants-Respondents.

Decided and Entered: April 16, 2026

Index No. 153540/16|Appeal No. 6376|Case No. 2024-04358|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Shaub, Ahmuty, Citrin & Spratt LLP, New York (Payne Tatioh of counsel), for appellant.

Greenberg Law P.C., New York (Joseph P. DePaola of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Eric Schumacher, J.), entered June 28, 2024, which denied the motion of defendants Broadway Storage, LLC and 500 Lincoln LLC for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to satisfy their prima facie burden of demonstrating their entitlement to judgment as a matter of law based on a lack of constructive notice of the wet condition which allegedly caused plaintiff to slip and fall down the staircase (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). Defendants' proffered evidence, which consisted of general deposition testimony about monitoring and ongoing maintenance, was insufficient to show that such procedures were followed on the day the accident occurred (see Barreto v Grote St. Apts., L.P., 201 AD3d 401, 402 [1st Dept 2022];White v MP 40 Realty Mgt. LLC, 187 AD3d 561, 562 [1st Dept 2020]).

Even assuming that defendants' proffered evidence was sufficient to meet defendants' prima facie burden, under the circumstances plaintiff's competing deposition testimony that there was water on the stairway at the time of her accident raised an issue of fact as to whether defendants had constructive notice of the alleged wet condition on the floor.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026